## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; IRON WORKERS LOCAL NO. 392 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS; IRON WORKERS LOCAL NO. 396 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS; and IRON WORKERS LOCAL NO. 782 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|             Plaintiffs, | ) ) | |
|     vs. | ) ) | Case No.:  3:23-cv-444 |
| TOTAL STEEL SERVICES, LLC, an Illinois Limited Liability Company; JOHN RANEY, an Individual; KENNETH HELMICK, an Individual; RONALD STORK, an Individual; and JOAN STORK, an Individual, | ) ) ) ) ) ) | |
|          Defendants. | ) | |

## **COMPLAINT**

NOW COME the Plaintiffs, the BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the BOARD OF

TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, "BOARDS OF TRUSTEES"), IRON WORKERS LOCAL NO. 392 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("LOCAL 392"), IRON WORKERS LOCAL NO. 396 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("LOCAL 396"), and IRON WORKERS LOCAL NO. 782 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("LOCAL 782") by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, TOTAL STEELSERVICES, LLC ("TOTAL STEEL"), JOHN RANEY ("JOHN"), KENNETH HELMICK ("KENNETH"), RONALD STORK ("RONALD"), and JOAN STORK ("JOAN"), and in support allege as follows:

**JURISDICTION AND VENUE**

1.     Count I of this action arise under Section 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of Count I pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2.     Count II and III of this action arise under Section 502 and 515 of ERISA and Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185).

3.     Count IV of this action alleges common law tortious conversion against the individual Defendants. The Court has supplemental jurisdiction over the subject matter of Count IV pursuant to 28 U.S.C. § 1367.

4. Counts V of this action arises under the Sections 2 and 14 of the Illinois Wage Payment and Collection Act (820 ILCS 115/2 and 820 ILCS 115/14). The Court has supplemental jurisdiction over the subject matter of Count V pursuant to 28 U.S.C. § 1367.

5. Count VI of this action arises under Sections 13 and 14 of the Illinois Wage Payment and Collection Act (820 ILCS 115/13 and 820 ILCS 115/14). The Court has supplemental jurisdiction over the subject matter of Count VI pursuant to 28 U.S.C. § 1367.

6. Count VII alleges that the corporate veil shielding the individual Defendants should be pierced. The Court has supplemental jurisdiction over the subject matter of Count VII pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Defendants are located within the jurisdiction of the United States District Court for the Southern District of Illinois.

## **PARTIES**

8. The BOARDS OF TRUSTEES are comprised of both Employer and Union Trustees.

9. The BOARDS OF TRUSTEES are fiduciaries of the Iron Workers St. Louis District Council Pension Trust ("Pension Fund"), the Iron Workers St. Louis District Council Annuity Trust ("Annuity Fund"), and the Iron Workers St. Louis District Council Welfare Plan ("Welfare Fund") (collectively, "IWSTLDC Trust Funds").

10. The IWSTLDC Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements with the various local unions that comprise the Iron Workers St. Louis District Council, and therefore, are multi-employer benefit plans as defined by 29 U.S.C. § 1002.

11. The IWSTLDC Trust Funds were established and are administered pursuant to the terms

and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

12.  Pursuant to 29 U.S.C. § 1132(a)(3), the BOARDS OF TRUSTEES are authorized to bring this action on behalf of the participants and beneficiaries of the IWSTLDC Trust Funds for the purpose of collecting unpaid contributions.

13.  Iron Workers Local No. 46 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 46") is a labor organization located in Springfield, Illinois and is part of the Iron Workers St. Louis District Council.

14.  The Local 46 collective bargaining agreement ("CBA") requires contributions to the IWSTLDC Trust Funds, as well as several ancillary funds.

15.  LOCAL 392 is a labor organization located in East St. Louis, Illinois and is part of the Iron Workers St. Louis District Council.

16.  LOCAL 392 is the authorized collection agent for the LOCAL 392 Joint Apprenticeship and Training Fund, the LOCAL 392 Vacation Fund the LOCAL 392 PAC Fund, the Illinois Industry Advancement Fund, and the Ironworker Management Progressive Action Cooperative Trust ("IMPACT") Fund (collectively, the "Local 392 Funds").

17.  The Local 392 Joint Apprenticeship and Training Fund is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

18.  The CBA for LOCAL 392 requires contributions to the IWSTLDC Trust Funds, as well as the Local 392 Funds.

19.  LOCAL 396 is a labor organization located in St. Louis, Missouri and is part of the Iron Workers St. Louis District Council.

20.  LOCAL 396 is the authorized collection agent for the Construction Training and

4

Advancement Foundation ("CTAF") Fund and IMPACT Fund (collectively, the "Local 396 Funds"), as well as the LOCAL 396 Voluntary Fund.

21. The CTAF Fund is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

22. The CBA for LOCAL 396 requires contributions to the IWSTLDC Trust Funds, as well as the Local 396 Funds.

23. LOCAL 782 is a labor organization located in Paducah, Kentucky and is part of the Iron Workers St. Louis District Council.

24. LOCAL 782 is the authorized collection agent for the Local 782 Joint Apprenticeship and Training Fund, IMPACT Fund, Market Recovery Fund, Egyptian Contractors Association IAF, Associated General Contractors of America IAF, and the Egyptian Builders and Organized Labor Together Trust Fund ("EBOLT Fund") (collectively, the "Local 782 Funds").

25. The Local 782 Joint Apprenticeship and Training Fund is a multi-employer benefit plan as defined by 29 U.S.C. § 1002.

26. The CBA for LOCAL 782 requires contributions to the IWSTLDC Trust Funds, as well as the LOCAL 782 Funds.

27. Defendant TOTAL STEEL is an Illinois Limited Liability Company with its principal place of business in Sparta, Illinois.

28. Defendant KENNETH is a co-owner of TOTAL STEEL.

29. Defendant JOHN is a co-owner of TOTAL STEEL.

30. Defendant RONALD is a co-owner of TOTAL STEEL.

31. Defendant JOAN is the Office Manager of TOTAL STEEL and is the wife of RONALD.

## **FACTS COMMON TO ALL COUNTS**

32.   TOTAL STEEL is an employer engaged in an industry affecting commerce.

33.   TOTAL STEEL agreed to be bound by the terms of the CBAs for LOCAL 46, LOCAL 392, LOCAL 396 and LOCAL 782.

34.   TOTAL STEEL is signatory to a Participation Agreement with the IWSTLDC Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

35.   Through the Participation Agreement, TOTAL STEEL agreed to be bound by the provisions of the IWSTLDC Trust Funds' Trust Agreements, as well as the CBAs referenced herein.

36.   Pursuant to the provisions of the CBAs and Trust Agreements, TOTAL STEEL is obligated to make monthly reports of hours worked by covered employees and pay fringe benefit contributions to the IWSTLDC Trust Funds, the Local 392 Funds, the Local 396 Funds, and Local 782 Funds at the negotiated rates.

37.   Pursuant to the Trust Agreements, the BOARDS OF TRUSTEES adopted an Audit and Collection Policy and Procedures ("Audit and Collection Policy"), which governs the collection of employer contributions and payroll compliance audits. (A copy of the Audit and Collection Policy is attached hereto as **Exhibit 2**).

38.   Pursuant to Section 502(g)(2) of ERISA, the CBAs, the Trust Agreements, and the Audit and Collection Policy, employers that fail to submit their monthly Contribution Reports and/or contribution payments to the IWSTLDC Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a

half percent (1.5%) per month from the original due date is charged until the contributions are paid in full.

39.   Pursuant to Section 502(g)(2) of ERISA, the CBAs, the Trust Agreements, and the Audit and Collection Policy, employers who fail to submit their Contribution Reports and/or contribution payments to the IWSTLDC Trust Funds in a timely manner are also responsible for the payment of reasonable attorneys' fees and costs associated with collecting the delinquent contributions.

**COUNT I**
**BREACH OF CONTRACT – IWSTLDC TRUST FUNDS**

40.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-39 of this Complaint with the same force and effect as if fully set forth herein.

41.   TOTAL STEEL failed to timely submit its monthly contribution payment to the IWSTLDC Trust Funds for work performed by its employees within the trade and territorial jurisdiction of Local 46 for the work month of March 2020, and therefore owes the IWSTLDC Trust Funds $234.99 in liquidated damages.

42.   TOTAL STEEL failed to timely submit certain monthly contribution payments to the IWSTLDC Trust Funds for work performed by its employees within the trade and territorial jurisdiction of LOCAL 392, and therefore owes the IWSTLDC Trust Funds $430,057.18 in contributions, liquidated damages, and interest, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| May 2019 | Liquidated Damages | $717.14 |
| September 2021 | Liquidated Damages | $5,529.91 |
| January 2022 | Liquidated Damages | $3,139.99 |
| July 2022 | Liquidated Damages | $8,047.98 |
| August 2022 | Liquidated Damages | $12,319.77 |
| September 2022 | Liquidated Damages | $11,834.83 |
| October 2022 | Contributions | $115,236.06 |
| October 2022 | Liquidated Damages | $11,523.61 |

| Period: | Type: | Amount: |
|---|---|---|
| October 2022 | Interest | $5,263.80 |
| November 2022 | Contributions | $126,309.69 |
| November 2022 | Liquidated Damages | $12,630.97 |
| November 2022 | Interest | $3,817.71 |
| December 2022 | Contributions | $101,960.29 |
| December 2022 | Liquidated Damages | $10,196.03 |
| December 2022 | Interest | $1,529.40 |
| | Total: | $430,057.18 |

43. TOTAL STEEL failed to timely submit certain monthly contribution payments to the IWSTLDC Trust Funds for work performed by its employees within the trade and territorial jurisdiction of LOCAL 396, and therefore owes the IWSTLDC Trust Funds $69,183.42 in contributions, liquidated damages, and interest, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| January 2022 | Liquidated Damages | $40.54 |
| April 2022 | Liquidated Damages | $11.58 |
| August 2022 | Liquidated Damages | $2,220.39 |
| September 2022 | Liquidated Damages | $670.79 |
| October 2022 | Contributions | $7,092.00 |
| October 2022 | Liquidated Damages | $709.20 |
| October 2022 | Interest | $337.45 |
| November 2022 | Contributions | $35,052.75 |
| November 2022 | Liquidated Damages | $3,505.28 |
| November 2022 | Interest | $1,059.47 |
| December 2022 | Contributions | $16,577.55 |
| December 2022 | Liquidated Damages | $1,657.76 |
| December 2022 | Interest | $248.66 |
| | Total: | $69,183.42 |

44. TOTAL STEEL failed to timely submit certain monthly contribution payments to the IWSTLDC Trust Funds for work performed by its employees within the trade and territorial jurisdiction of LOCAL 782, and therefore owes the IWSTLDC Trust Funds $31,631.43 in contributions, liquidated damages, and interest, itemized as follows

| Period: | Type: | Amount: |
|---|---|---|
| July 2022 | Liquidated Damages | $866.47 |
| August 2022 | Liquidated Damages | $1,774.16 |

| | | |
|---|---|---|
| September 2022 | Liquidated Damages | $2,584.69 |
| October 2022 | Contributions | $10,024.60 |
| October 2022 | Liquidated Damages | $1,002.46 |
| October 2022 | Interest | $457.91 |
| November 2022 | Contributions | $8,028.26 |
| November 2022 | Liquidated Damages | $802.83 |
| November 2022 | Interest | $242.65 |
| December 2022 | Contributions | $5,244.30 |
| December 2022 | Liquidated Damages | $524.43 |
| December 2022 | Interest | $78.67 |
| | **Total:** | **$31,631.43** |

45.    TOTAL STEEL has a continuing obligation to pay contributions to the IWSTLDC Trust Funds and, as a result, additional monies may be owed.

46.    The Plaintiffs have complied with all conditions precedent in bringing this suit.

47.    The Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from TOTAL STEEL.

48.    TOTAL STEEL is obligated to pay the reasonable attorneys' fees and court costs incurred by the Boards of Trustees on behalf of the IWSTLDC Trust Funds pursuant to the CBAs, Trust Agreements, Audit and Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the BOARDS OF TRUSTEES respectfully request that:

A.    Judgment be entered in favor of the IWSTLDC Trust Funds and against Defendant TOTAL STEEL in the aggregate amount of $531,107.02, itemized below:

   i.    $425,525.50 in contributions;

   ii.    $92,545.80 in liquidated damages; and

   iii.    $13,035.72 in interest;

B.    Judgment be entered in favor of the IWSTLDC Trust Funds and against Defendant TOTAL STEEL for any other contributions, liquidated damages, and/or interest found to be due and owing in addition to the those referenced in paragraph A above;

C.      Defendant TOTAL STEEL be ordered to pay the reasonable attorneys' fees and costs incurred by the BOARDS OF TRUSTEES on behalf of the IWSTLDC Trust Funds pursuant to the CBA, Trust Agreements, Audit and Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D.      The IWSTLDC Trust Funds have such other and further relief as the Court may deem just and equitable all at Defendant TOTAL STEEL's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF CONTRACT – LOCAL 392 AND LOCAL 392 FUNDS**

49.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-48 of this Complaint with the same force and effect as if fully set forth herein.

50.     At all times material herein, TOTAL STEEL was bound to the CBA for LOCAL 392.

51.     Pursuant to the CBA for LOCAL 392, TOTAL STEEL is required to remit contributions and certain payroll deductions to LOCAL 392 and the Local 392 Funds.

52.     TOTAL STEEL failed to remit contributions to the Local 392 Funds for the period of October 2022 through December 2022 in the aggregate amount of $9,105.20, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| October 2022 | Contributions | $3,112.10 |
| November 2022 | Contributions | $3,427.62 |
| December 2022 | Contributions | $2,565.48 |
| | **Total:** | **$9,105.20** |

53.     TOTAL STEEL failed to remit payroll deductions to LOCAL 392 for the period of October 2022 through December 2022 in the aggregate amount of $48,043.04, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| October 2022 | Payroll Deductions | $16,325.40 |
| November 2022 | Payroll Deductions | $17,925.26 |

| Period: | Type: | Amount: |
|---------|-------|---------|
| December 2022 | Payroll Deductions | $13,972.38 |
| | **Total:** | **$48,043.04** |

54.     TOTAL STEEL has a continuing obligation to remit contributions and certain payroll deductions to LOCAL 392 and the Local 392 Funds and as a result, additional monies may be owed.

**WHEREFORE**, LOCAL 392 respectfully requests that:

A.      Judgment be entered in favor of LOCAL 392 and against Defendant TOTAL STEEL in the aggregate amount of $57,148.24, itemized as follows:

     i.      $3,112.10 in contributions for October 2022;

     ii.     $16,325.40 in payroll deductions for October 2022;

     iii.    $3,427.62 in contributions for November 2022;

     iv.     $2,565.48 in payroll deductions for November 2022;

     v.      $2,565.48 in contributions for December 2022;

     vi.     $13,972.38 in payroll deductions for December 2022;

B.      Judgment be entered in favor of LOCAL 392 against Defendant TOTAL STEEL for any other contributions or payroll deductions found to be due and owing in addition to those referenced in Paragraph A above.

### COUNT III
### BREACH OF CONTRACT – LOCAL 396 AND LOCAL 396 FUNDS

55.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-54 of this Complaint with the same force and effect as if fully set forth herein.

56.     At all times material herein, TOTAL STEEL was bound to the CBA for LOCAL 396.

57.     Pursuant to the CBA for LOCAL 396, TOTAL STEEL is required to remit contributions

and certain payroll deductions to LOCAL 396 and the Local 396 Funds.

58.     TOTAL STEEL failed to remit contributions to the Local 392 Funds for the period of October 2022 through December 2022 in the aggregate amount of $2,417.33, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| October 2022 | Contributions | $294.68 |
| November 2022 | Contributions | $1,225.53 |
| December 2022 | Contributions | $897.12 |
| | **Total:** | **$2,417.33** |

59.     TOTAL STEEL failed to remit payroll deductions to LOCAL 396 for the period of October 2022 through December 2022 in the aggregate amount of $7,036.16, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| October 2022 | Payroll Deductions | $853.68 |
| November 2022 | Payroll Deductions | $3,578.20 |
| December 2022 | Payroll Deductions | $2,604.28 |
| | **Total:** | **$7,036.16** |

60.     TOTAL STEEL has a continuing obligation to remit contributions and certain payroll deductions to LOCAL 396 and the Local 396 Funds and as a result, additional monies may be owed.

**WHEREFORE**, LOCAL 396 respectfully requests that:

A.      Judgment be entered in favor of LOCAL 396 and against Defendant TOTAL STEEL in the aggregate amount of $9,453.49, itemized as follows:

    i.      $294.68 in contributions for October 2022;

    ii.     $853.68 in payroll deductions for October 2022;

    iii.    $1,225.53 in contributions for November 2022;

    iv.     $3,578.20 in payroll deductions for November 2022;

    v.      $897.12 in contributions for December 2022;

vi.   $2,604.28 in payroll deductions for December 2022;

B.   Judgment be entered in favor of LOCAL 396 against Defendant TOTAL STEEL for any other contributions or payroll deductions found to be due and owing in addition to those referenced in Paragraph A above.

**COUNT IV**
**COMMON LAW TORTIOUS CONVERSION**

61.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-60 of this Complaint with the same force and effect as if fully set forth herein.

62.   LOCAL 392 is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within the trade and territorial jurisdiction of LOCAL 392.

63.   LOCAL 396 is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within the trade and territorial jurisdiction of LOCAL 396.

64.   At all times material herein, Defendant TOTAL STEEL has been signatory to CBAs with LOCAL 392 and LOCAL 396.

65.   Among the obligations created by the CBAs was that TOTAL STEEL would make certain payroll deductions from its bargaining unit employees' paychecks and remit said deductions to LOCAL 392 and LOCAL 396 or such depositories designated by LOCAL 392 and LOCAL 396.

66.   The payroll deductions from TOTAL STEEL's bargaining unit employees' paychecks were required to be remitted to LOCAL 392 and LOCAL 396 or their designated depositories by no later than the fifteenth (15th) day of the month following the month in which the work was performed.

67.  Upon information and belief, TOTAL STEEL deducted the required payroll deductions from its bargaining unit employees' paychecks during the period of October 2022 through December 2022.

68.  LOCAL 392 and LOCAL 396 had legal title to these required payroll deductions and the right to possess the payroll deductions pursuant to the CBAs and properly executed authorization forms.

69.  Defendant TOTAL STEEL failed to remit all the payroll deductions to LOCAL 392 and LOCAL 396 and/or their designated depositories as required by the CBAs, and instead converted and used the payroll deductions for other purposes.

70.  By failing to remit the payroll deductions to LOCAL 392 and LOCAL 396 and/or their designated depositories, TOTAL STEEL breached its obligations under the CBAs.

71.  Once deducted from the bargaining unit employees' paychecks, the payroll deductions became the property of LOCAL 392 and LOCAL 396 and the employees from whom the wages were deducted, and LOCAL 392 and LOCAL 396 and the employees had an immediate, unqualified right to then possess the payroll deductions resting on superior claims of title.

72.  At all times material herein, Defendant JOHN was a co-owner of TOTAL STEEL.

73.  At all times material herein, Defendant KENNETH was a co-owner of TOTAL STEEL.

74.  At all times material herein, Defendant RONALD was a co-owner of TOTAL STEEL.

75.  At all times material herein, Defendant JOAN was the Office Manager and Accounting Manager for TOTAL STEEL.

76.  In such capacity or capacities, Defendants JOHN, KENNETH, RONALD, and JOAN were responsible for Defendant TOTAL STEEL's compliance with the obligations and duties

set forth in the CBAs, including insuring that all wages were properly paid, all payroll deductions were properly made and withheld, and that said payroll deductions were timely remitted to LOCAL 392 and LOCAL 396 and/or their designated depositories.

77.   In such capacity or capacities, Defendants JOHN, KENNETH, RONALD, and JOAN, intending to interfere with LOCAL 392's and LOCAL 396's possession, made the decision not to transmit contractually required payroll deductions taken from the paychecks of TOTAL STEEL's bargaining unit employees for the period of October 2022 through December 2022 to LOCAL 392 and LOCAL 396 and/or their designated depositories.

78.   The required payroll deductions were not transmitted to LOCAL 392 and LOCAL 396 and/or their designated depositories but were instead withheld from LOCAL 392 and LOCAL 396 without authorization.

79.   LOCAL 392 and LOCAL 396 have made demands to TOTAL STEEL for the payroll deductions, but Defendants have not complied.

80.   Defendants JOHN, KENNETH, RONALD, and JOAN, who are ultimately responsible for the decision to not remit the payroll deductions, appropriated and exercised dominion over the payroll deductions for their and/or TOTAL STEEL's own use and benefit in exclusion, denial, and defiance of the rights of LOCAL 392 and LOCAL 396 to use and enjoy the deductions.

81.   Defendants JOHN, KENNETH, RONALD, and JOAN withheld the deductions in TOTAL's possession under a claim and title inconsistent with LOCAL 392's and LOCAL 396's own and in their representative capacity on behalf of TOTAL STEEL's bargaining unit employees, thus making JOHN, KENNETH, RONALD, and JOAN personally liable for the deductions that should have been paid to LOCAL 392 and LOCAL 396.

82.     Defendant TOTAL STEEL's actions were the legal cause of LOCAL 392's and LOCAL 396's loss of the payroll deductions, and it has suffered damage by loss of said payroll deductions.

83.     TOTAL STEEL has a continuing obligation to remit payroll deductions to LOCAL 392 and LOCAL 396 and, as a result, additional monies may be owed.

**WHEREFORE,** Plaintiffs respectfully request that:

A.      Judgment be entered in favor of LOCAL 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $48,043.04 for unpaid payroll deductions for the period of October 2022 through December 2022;

B.      Judgment be entered in favor of Local 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C.      Judgment be entered in favor of LOCAL 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $7,036.16 for unpaid payroll deductions for the period of October 2022 through December 2022;

D.      Judgment be entered in favor of Local 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph C above;

E.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay LOCAL 392 and LOCAL 396 statutory post-judgment interest on all principal deductions as found due by this Order;

F.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay the reasonable attorneys' fees and costs incurred by the IWSTLDC Trust Funds; and

G.    Plaintiffs have such other and further relief that this Court find just and equitable all at Defendants JOHN, KENNETH, RONALD, and JOAN's cost.

**COUNT V**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT**
**AND COLLECTION ACT – JOHN, KENNETH, RONALD,**
**AND JOAN AS EMPLOYERS PURSUANT TO 820 ILCS 115/2**

84.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-83 of this Complaint with the same force and effect as if fully set forth herein.

85.    Pursuant to properly executed authorization forms, TOTAL STEEL was required to make certain payroll deductions from its bargaining unit employees' paychecks and remit said deductions to LOCAL 392 and LOCAL 396 and/or such depositories designated by LOCAL 392 and LOCAL 396.

86.    At all times material herein, Defendant JOHN was a co-owner of TOTAL STEEL.

87.    At all times material herein, Defendant KENNETH was a co-owner of TOTAL STEEL.

88.    At all times material herein, Defendant RONALD was a co-owner of TOTAL STEEL.

89.    At all times material herein, Defendant JOAN was the Office Manager and Accounting Manager for TOTAL STEEL.

90.    In their capacity or capacities, and at all times relevant to this action, Defendants JOHN, KENNETH, RONALD, and JOAN acted in the interest of TOTAL STEEL in relation to TOTAL STEEL's bargaining unit employees.

91.    In their capacity or capacities, and at all times relevant to this action, Defendants JOHN, KENNETH, RONALD held significant ownership interest in TOTAL STEEL.

92.    In their capacity or capacities, and at all times relevant to this action, Defendants JOHN, KENNETH, RONALD, and JOAN exercised operational control over TOTAL STEEL's day-to-day functions, including the compensation of its bargaining unit employees.

93.     In their capacity or capacities, and at all times relevant to this action, Defendants JOHN, KENNETH, RONALD, and JOAN were personally involved in the decision to continue operations of TOTAL STEEL despite failure to remit payroll deductions to LOCAL 392 and LOCAL 396 and/or their designated depositories pursuant to properly executed authorization forms.

94.     Pursuant to 820 ILCS 115/2, members of LOCAL 392 and LOCAL 396 who performed work on behalf of Defendant TOTAL STEEL during the period of October 2022 through December 2022, were considered to be employees of Defendant TOTAL STEEL.

95.     Pursuant to 820 ILCS 115/2, Defendants JOHN, KENNETH, RONALD, and JOAN are employers of TOTAL STEEL's bargaining unit employees and may be held individually liable for wages and final compensation.

96.     TOTAL STEEL has a continuing obligation to remit payroll deductions to LOCAL 392 and LOCAL 396 and, as a result, additional monies may be owed.

**WHEREFORE,** Plaintiffs respectfully request that:

A.     Judgment be entered in favor of LOCAL 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $48,043.04 for unpaid payroll deductions for the period of October 2022 through December 2022;

B.     Judgment be entered in favor of Local 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C.     Judgment be entered in favor of LOCAL 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $7,036.16 for unpaid payroll deductions for the period of October 2022 through December 2022;

D.      Judgment be entered in favor of Local 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph C above;

E.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay LOCAL 392 and LOCAL 396 statutory post-judgment interest on all principal deductions as found due by this Order;

F.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay the reasonable attorneys' fees and costs incurred by the IWSTLDC Trust Funds; and

G.      Plaintiffs have such other and further relief that this Court find just and equitable all at Defendants JOHN, KENNETH, RONALD, and JOAN's cost.

**COUNT VI**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT**
**AND COLLECTION ACT – JOHN, KENNETH, RONALD,**
**AND JOAN AS OFFICERS AND/OR AGENTS PURSUANT TO 820 ILCS 115/13**

97.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-96 of this Complaint with the same force and effect as if fully set forth herein.

98.     Pursuant to properly executed authorization forms, TOTAL STEEL was required to make certain payroll deductions from its bargaining unit employees' paychecks and remit said deductions to LOCAL 392 and LOCAL 396 or such depositories designated by LOCAL 392 and LOCAL 396.

99.     At all times material herein, Defendant JOHN was a co-owner of TOTAL STEEL.

100.    At all times material herein, Defendant KENNETH was a co-owner of TOTAL STEEL.

101.    At all times material herein, Defendant RONALD was a co-owner of TOTAL STEEL.

102.    At all times material herein, Defendant JOAN was the Office Manager and Accounting Manager for TOTAL STEEL.

103.   In their capacity or capacities, and at all times relevant to this action, Defendants JOHN, KENNETH, RONALD, and JOAN constituted officers and/or agents of TOTAL STEEL.

104.   Defendants JOHN, KENNETH, RONALD, and JOAN knowingly permitted TOTAL STEEL to violate the Illinois Wage Payment and Collection Act by failing to remit payroll deductions to LOCAL 392 and LOCAL 396 and/or their designated depositories.

105.   Pursuant to 820 ILCS 115/2, members of LOCAL 392 and LOCAL 396 who performed work on behalf of Defendant TOTAL STEEL during the period of October 2022 through December 2022 were considered to be employees of Defendant TOTAL STEEL.

106.   Pursuant to 820 ILCS 115/13, Defendants JOHN, KENNETH, RONALD, and JOAN, as officers and/or agents of TOTAL STEEL, are employers of TOTAL STEEL's bargaining unit employees and may be held individually liable for wages and final compensation.

107.   TOTAL STEEL has a continuing obligation to remit payroll deductions to LOCAL 392 and LOCAL 396 and, as a result, additional monies may be owed.

**WHEREFORE,** Plaintiffs respectfully request that:

A.   Judgment be entered in favor of LOCAL 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $48,043.04 for unpaid payroll deductions for the period of October 2022 through December 2022;

B.   Judgment be entered in favor of Local 392 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C.   Judgment be entered in favor of LOCAL 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN in the amount of $7,036.16 for unpaid payroll deductions for the period of October 2022 through December 2022;

D.      Judgment be entered in favor of Local 396 and against Defendants JOHN, KENNETH, RONALD, and JOAN for any amounts discovered to be owed in addition to those set forth in Paragraph C above;

E.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay LOCAL 392 and LOCAL 396 statutory post-judgment interest on all principal deductions as found due by this Order;

F.      Defendants JOHN, KENNETH, RONALD, and JOAN be ordered to pay the reasonable attorneys' fees and costs incurred by the IWSTLDC Trust Funds; and

G.      Plaintiffs have such other and further relief that this Court find just and equitable all at Defendants JOHN, KENNETH, RONALD, and JOAN's cost.

**COUNT VII**
**PIERCING THE CORPORATE VEIL –**
**JOHN, KENNETH, RONALD, AND JOAN**

108.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-107 of this Complaint with the same force and effect as if fully set forth herein.

109.    Upon information and belief, Defendants JOHN, KENNETH, RONALD, and JOAN disregarded the corporate formalities of TOTAL STEEL and have continued to operate TOTAL STEEL to the point of insolvency.

110.    Upon information and belief, TOTAL STEEL is undercapitalized to satisfy its current liabilities.

111.    Defendants JOHN, KENNETH, RONALD, and JOAN's operation of TOTAL STEEL in an undercapitalized state has resulted in a detrimental economic impact on the Plaintiffs.

112.    Defendants JOHN, KENNETH, RONALD, and JOAN have personally been enriched from disregarding the corporate identity of TOTAL STEEL to the extent that adhering to the

corporate existence of the company would sanction a fraud or promote an injustice.

**WHEREFORE,** Plaintiffs respectfully request that:

A.      This Honorable Court enter an Order piercing the corporate veil and find Defendants JOHN, KENNETH, RONALD, and JOAN personally liable for all contributions, liquidated damages, interest, and payroll deductions owed by TOTAL STEEL; and

B.      Plaintiffs have such other and further relief that this Court find just and equitable all at Defendants JOHN, KENNETH, RONALD, and JOAN's cost.

Respectfully Submitted,

**BRD. OF TRS. OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

/s/ Adam Y. Decker
*One of Plaintiffs' Attorneys*
Adam Y. Decker
Bar No. 3640753IN
JOHNSON & KROL, LLC
450 E. 96th Street, Suite 500
Indianapolis, Indiana 46240
(317) 754-8720
decker@johnsonkrol.com