IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST et al. | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 23-cv-444-SMY |
| vs. | ) ) ) |
| TOTAL STEEL SERVICES, LLC, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Board of Trustees of The Iron Workers St. Louis District Council Pension Trust, Board of Trustees of The Iron Workers St. Louis District Council Annuity Trust, Board of Trustees of The Iron Workers St. Louis District Council Welfare Plan, Iron Workers Local No. 392 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Iron Workers Local No. 396 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, and Iron Workers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers filed this action against Defendants Total Steel Services, LLC, John Raney, Kenneth Helmick, Ronald Stork, and Joan Stork , seeking recovery of delinquent payments under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA").  Plaintiffs also seek to hold Defendants liable for damages under common law tortious conversion and the Illinois Wage Payment and Collection Act ("IWPCA"), and assert a veil piercing claim against Defendants.

This case is now before the Court on Defendants' motion to dismiss (Doc. 16), to which Plaintiffs responded (Doc. 28). For the following reasons the motion is **GRANTED in part and DENIED in part.**

### Background

Total Steel, LLC is an employer bound by the terms of the collective bargaining agreements ("CBAs") for Local 46, Local 392, Local 396 and Local 782. According to the CBAs and Trust Agreements, Total Steel is required to pay contributions to the Iron Workers St. Louis District Council Pension Trust Funds ("IWSTLDC") and various ancillary funds associated with the local unions on behalf of its covered employees. Total Steel is also required to deduct union dues from its Local 392 and Local 396 employees' paychecks and remit those deductions to Local 392 and Local 396 according to the employee-executed authorization forms. Kenneth Helmick, John Raney, and Ronald Stork are co-owners of Total Steel. Joan Stork is the Office Manager and wife of Ronald Stork.

The IWSTLDC receives contributions from numerous employers pursuant to CBAs with local unions within the Iron Workers St. Louis District Council. These plans are consistent 29 USC §1002(37)(A) as multiemployer plans under ERISA.

Plaintiffs filed a seven-count Complaint against Total Steel and the individual defendants alleging that Defendants had failed to report and pay contributions owed to the IWSTLDC and affiliated organizations from October through December 2022. Plaintiffs assert claims under Section 502 and 515 of ERISA (Count I); ERISA and Section 301 of the LMRA (Counts II-III); for common law tortious conversion (Count IV); and under the IWPCA (Counts V-VI). In Count VII, Plaintiffs allege Defendants have pierced the corporate veil.

### Discussion

Defendants move to dismiss Counts IV-VII of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Defendants argue that ERISA preempts any form of recovery under state law. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' created by any employer engaged in interstate commerce. U.S.C. §1144(a). "ERISA's preemption provision encompasses 'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy.'" *Di Joseph v. Standard Insurance Company*, 77 F. App'x 343 (7th Cir. 2019).

Defendants similarly argue preemption under the LMRA. Section 301 of the LMRA provides a federal cause of action for any party who violates a provision of a CBA between an employer and a union. 29 U.S.C. §185(a). Section 301 "preempts state tort laws that 'do not exist independently of private agreements' and that 'purport to define the meaning of the contractual relationship.'" *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836 (7th Cir. 2015). Therefore, if a state-law cause of action is dependent on the interpretation of a CBA, that claim is preempted by §301 of the LMRA. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795 (7th Cir. 2013).

"However, 'not every dispute … tangentially involving a provision of a collective-bargaining agreement ... is preempted by § 301 or other provisions of the federal labor policy law.'" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "Whether or not a state law claim involves an interpretation of the CBA, and thus is preempted, 'requires a case-by-case factual analysis.'" *In re Bentz Metal Prods. Co.*, 253 F.3d 283, 285 (7th Cir. 2001).

In Count IV, Plaintiffs seek to hold Defendants liable for conversion of funds that were to be paid to the local unions. Specifically, they allege Defendants failed to report and pay contributions to local unions per the terms of the CBAs. Opposing preemption by the LMRA, Plaintiffs argue that it is not necessary to interpret the CBA because the amounts Defendants owe is not in dispute. Plaintiffs further argue that the "conversion claim flows from properly executed employee wage deduction authorizations and remittance reports prepared and submitted by the Defendants, not the CBAs themselves" (Doc. 28), citing *Constr. & Gen. Laborers' Dist. Council of Chicago & Vicinity v. Roth's Reliable Const. Co.*, 2004 WL 1470269 (N.D. Ill. June 29, 2004).

In *Roth's Reliable*, the parties disagreed as to whether an examination of the wage assignments between the employer and employee was so intertwined with the CBAs that it prevented state recovery under the LMRA. *Id* at 2. But that case is distinguishable because the wage assignments were agreements made between the business and individual employees, separate from the CBAs involved. *See Roth's Reliable Const. Co.*, 2004 WL 1470269, at 2. Here, an analysis of the CBAs is required to determine whether Defendants had a duty to properly withhold, remit, and report wages and make payments to the fund, and that by not doing so, Defendants converted funds rightfully due to Plaintiffs for their own personal benefit. As such, Plaintiffs' state law conversion claim (Count IV) is preempted by the LMRA and subject to dismissal. See *Shales v. Asphalt Maintenance, Inc.*, 2004 WL 2191609 (N.D. Ill. Sept. 28, 2004).

Defendants also move to dismiss Counts V and VI of Plaintiffs' Complaint due to preemption by the LMRA. The relevant section of the IWPCA provides: "Any employee not timely paid wages by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action." *See* 820 ILCS 115/14. Plaintiffs argue the LMRA does not preempt recovery under the IWPCA because, "Counts V and VI do not allege that the wage deductions withheld from Total Steel's bargaining-unit employees checks were incorrect and seek only payment of the wage deductions Total Steel claims to have withheld from its employees' wages." (Doc. 28). Once again, Plaintiffs attempt to separate coverage of the CBA provisions from employee authorizations for deductions.

This Court recognizes "the long-standing precedent that § 301 preempts any state law state claim whose resolution requires interpretation of the relevant CBA, *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836 (7th Cir. 2015). Plaintiffs' claims flow from the rights created by the CBAs, and an interpretation of the CBAs is necessary to determine whether Defendants failed to timely pay employee deductions. Therefore, Plaintiffs' state law claims for alleged violations of the IWPCA (Counts V and VI) are preempted by the LMRA and must be dismissed.

## Veil Piercing

Count VII of Plaintiffs' Complaint also seeks to hold Defendants liable for piercing the corporate veil. "To pierce the corporate veil, Plaintiffs must establish the following elements: (1) there must be such unity of interest and ownership that the separate personalities of the corporations no longer existed; and (2) the adherence to the fiction of separate corporate existences would sanction a fraud." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743 (7th Cir. 2012). Here, Plaintiffs allege Defendants have pierced the corporate veil by continuing to operate Total Steel in an undercapitalized state beyond insolvency for the benefit of themselves

and to the detriment of Plaintiffs. Thus, Plaintiffs allege Defendants have disregarded corporate formalities for their own benefit. *Id.*

It is well established that "[i]n order for the claim to withstand a motion to dismiss for failure to state a claim in federal court, no substantial showing of fact regarding the propriety of piercing the corporate veil is demanded." *Brown v. SBC Commc'ns, Inc.*, 2007 WL 684133 (S.D. Ill. Mar. 1, 2007). While the Court recognizes the contingency of Count VII on proving the claims asserted in Counts I-III, Plaintiffs adequately raise questions under the liberal pleading standard surrounding the unity of interests and ownership of Total Steel. As such, the motion to dismiss will be denied with respect to Count VII.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 16) is **GRANTED** on Counts IV-VI and **DENIED** on Count VII.

**IT IS SO ORDERED.**

**DATED:** October 3, 2023

STACI M. YANDLE
United States District Judge